IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

IN RE:

ROBERT ARTHUR JOSEPHS
DIANNE KIDDELL JOSEPHS
    DEBTORS

CASE NO. 14-36922
CHAPTER 13 BANKRUPTCY

------------------------------------------------

ROBERT ARTHUR JOSEPHS
DIANNE KIDDELL JOSEPHS

("Mr. And Mrs. Josephs")

**PLAINTIFFS**

V.

ADV. NO.

MERCEDES-BENZ FINANCIAL SERVICES
USA, LLC

("Mercedes")

**DEFENDANT**

### COMPLAINT CONCERNING THE WILLFUL VIOLATION OF THE AUTOMATIC STAY OF 11 U.S.C. § 362(a) PURSUANT TO 11 U.S.C. §§ 362(k)(1), 105, TURNOVER PURSUANT TO §542 AND RELATED RELIEF

**TO THE HONORABLE BANKRUPTCY JUDGE DAVID R. JONES:**

Mr. and Mrs. Josephs would show this Court that Mercedes has willfully violated the automatic stay provisions of 11 U.S.C. § 362(a) and the turnover provisions of 11 U.S.C. § 542 by failing, or otherwise refusing, to "deliver" their 2008 Mercedes-Benz E350 motor vehicle, VIN WDBUF56X08B282320, ("vehicle") back to Mr. and Mrs. Josephs after they filed their Chapter 13 bankruptcy. After the pre-petition repossession, but before the 10-day period to redeem the vehicle had expired, Mercedes transported the vehicle from Houston to the Dallas-Fort Worth area. Since

being notified of Mr. and Mrs. Josephs' bankruptcy filing, Mercedes has only offered to: (1) tender the vehicle to Mr. and Mrs. Josephs by releasing it to them at varying and unclear locations in the Dallas-Fort Worth area; or (2) "deliver" the vehicle back to Houston, from where it was repossessed, only upon payment being made to Mercedes.

## SECTION I
## JURISDICTION, VENUE, AND CONSTITUTIONAL AUTHORITY TO ENTER A FINAL ORDER

1. **Jurisdiction**: This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157(a) and 1334.

2. **Venue**: Venue is proper for this Court pursuant to 28 U.S.C. § 1409, and for the reason that Mr. and Mrs. Josephs' bankruptcy, Case No. 14-36922, was filed in this Court.

3. **Core Proceeding**: This adversary proceeding constitutes a core proceeding pursuant to 28 U.S.C. § 157.

4. **Standing**: There is standing on behalf of Mr. and Mrs. Josephs' as this adversary proceeding concerns a private right of action. *St. Paul Fire & Marine v. Labuzan*, 579 F.3d 533, 544-545 (5th Cir. 2009).

5. **Authority To Enter A Final Order**: This adversary proceeding arises under alleged violations of the core bankruptcy rights imposed by an express Bankruptcy Code provision, relief sought by Mr. and Mrs. Josephs is brought pursuant to 11 U.S.C. § 362(k)(1), § 542, and/or §105, state law has no equivalent to these statutes, and the dispute at hand is not based on state common law, and/or the subject matter of this adversary proceeding involves the "public rights" exception to the general rule that only an Article III judge may exercise adjudicative authority. As such, this Bankruptcy Court

has a right to issue a final judgment in this case in accordance with the exceptions in *Stern v. Marshall*, 131 S.Ct. 2594 (2011).

6. **Consent:** Mr. and Mrs. Josephs' consent to the entry of a final order or a final judgment by this Court.

7. A fundamental discussion of the law of automatic stay violations is included not for a response to the law, but to mitigate against peripheral defenses or responses that tend to follow these adversary proceedings. "When an institutional creditor responds to an obvious violation of the automatic stay or discharge injunction against a consumer debtor by employing its superior resources to make frivolous responses that tax the resources of that debtor, those responses should be viewed as nothing more than an abusive continuation of the original improper conduct being complained of. It is the most appropriate occasion for imposition of punitive damages." *In re Curtis*, 322 B.R. 470,487 (Bankr. D. Mass.2005). There is a need, therefore, for Defendant to readily admit its misconduct to conserve damages and judicial resources.

## SECTION II
## FACTUAL AND LEGAL BACKGROUND

8. On or about May 30, 2010 Mr. and Mrs. Josephs acquired ownership of the vehicle. Mercedes financed its purchase and retained a security or collateral interest in the vehicle.

9. On or about December 9 or 10, 2014 Mercedes caused the repossession of the vehicle as Mr. and Mrs. Josephs were delinquent in payment on the note. Mercedes notified Mr. and Mrs. Josephs that they would hold the vehicle for them to redeem for a period of 10 days. After that time Mercedes would sell the vehicle at auction and Mr. and Mrs. Josephs would be dispossessed of ownership. It was

presumed that Mercedes would hold their vehicle in the general geographical area where it had been repossessed while Mr. and Mrs. Josephs still maintained a right of ownership of the vehicle.

10. On December 18, 2014 Mr. and Mrs. Josephs filed their Chapter 13 bankruptcy Petition. (ECF 1)[1]. The Petition listed the full names of Mr. and Mrs. Josephs, their current address, and the last four digits of their Social Security Numbers.

11. The filing of the voluntary bankruptcy created a bankruptcy estate, which included the vehicle. On the day of the bankruptcy filing, although Mr. and Mrs. Josephs had lost possession of the vehicle, they had not been dispossessed of ownership as the 10-day redemption period had not expired, and the vehicle had not been sold.

12. The post-petition earnings of Mr. and Mrs. Josephs were made part of the bankruptcy estate.

13. On December 18, 2014 Mr. and Mrs. Josephs filed Bankruptcy Schedules in their bankruptcy case. These schedules included Schedule D – Creditors Holding Secured Claims. Schedule D provided for Mercedes and the vehicle at an estimated amount of claim of $8,687.00 and an estimated value of $11,325.00.

14. The pre-petition claim held by Defendant is secured.

15. On December 18, 2014 Mr. and Mrs. Josephs filed their original Uniform Plan and Motion for Valuation of Collateral. (ECF 2). Paragraph 8 – All Other Secured Claims (Property to be Retained) – provided for Mercedes to be paid the lesser of the amount listed as the collateral value and the allowed amount of its claim for the vehicle.

---

[1] "(ECF ___)", when used in this complaint is intended to represent the corresponding document of the Docket Report as maintained by this Court on its ECF / PACER system in relation to the bankruptcy filed by Mr. and Mrs. Josephs, Case No. 14-36922.

4

Further, it stated: "[t]he holder of a claim secured by a valid lien may enforce its lien only pursuant to § 362". In addition, the automatic stay was modified to allow monthly statements to be sent but no other collection activity.

16. On December 18, 2014 Mr. Josephs filed his Certificate of Credit Counseling with the Court. (ECF 3). The Certificate demonstrated a pre-petition counseling completion date of December 18, 2014. Therefore, Mr. Josephs is properly a debtor, and this Court retains jurisdiction of his bankruptcy.

17. On December 18, 2014 Mrs. Josephs also filed her Certificate of Credit Counseling with the Court. (ECF 4). The Certificate demonstrated a pre-petition counseling completion date of December 18, 2014 for her as well. Therefore, Mrs. Josephs is properly a debtor, and this Court retains jurisdiction of her bankruptcy.

18. 11 U.S.C. § 542(a) is clear that "an entity … in possession, custody or control, during the case, of property that the trustee may use, sell, or lease under …, or that the debtor may exempt under 522 of this title, **_shall deliver_** to the trustee …" (Emphasis added). Pursuant to 11 U.S.C. § 1303 Mr. and Mrs. Josephs have the rights and powers of the Trustee in regard to the use of the vehicle in their Chapter 13 proceeding. In regard to this provision, the Bankruptcy Court for the Southern District of Texas has distinguished the requirement of "deliver", as required by the Bankruptcy Code, from that of mere "tender". *In re Calvin*, 329 B.R. 589, 598-599 (Bankr. S.D. Tex. 2005). As stated by the Court, "delivery" occurs when the property of the estate is placed into the hands of Mr. and Mrs. Josephs, in this case. *Id* at 599. "'[D]elivery' requires a change in possession of the property while 'tender' is merely a notification of the availability of the property." *Id* at 599. Actual delivery occurs when the lender places the vehicle "into the

5

hands of the Trustee." *Id* at 599. Further, the Court stated:, "'[t]here is no requirement in the Code that the trustee make a demand, obtain a court order, or take any further action in order to obtain turnover [delivery] of the estate's property'. The obligation 'is self-operative and mandatory." *Id* at 599 (internal cites omitted).

19. Likewise, the automatic stay provisions of 11 U.S.C § 362(a), for which there is no exception pursuant to 11 U.S.C. § 362(b), prohibit Mercedes from:

    a. Continuing with its self-help action of repossession of the vehicle §362(a)(1);

    b. Continuing to exercise control over the vehicle. § 362(a)(3);

    c. Enforcing its lien against the vehicle. § 362(a)(4) and/or (5); and/or,

    d. Trying to collect, assess, or recover a claim against Mr. and Mrs. Josephs, that arose before the commencement of their bankruptcy. § 362(a)(6).

20. On December 19, 2014 the law office of J. Thomas Black, P.C. ("Black"), Mr. and Mrs. Josephs' bankruptcy lawyers, contacted Mercedes by telephone to place it on notice and/or knowledge of the bankruptcy, to stop the auction of the vehicle, and to obtain the "delivery" of the vehicle back to Mr. and Mrs. Josephs.

    a. Black first contacted Mercedes Customer Service, provided them verbal notice of the bankruptcy filing, Mercedes loan number, and the last four digits of Mr. and Mrs. Josephs' Social Security Numbers. Mercedes informed Black that the Bankruptcy Department was closed and the firm would have to contact them on Monday. It was explained to customer service that the vehicle was repossessed on or about December 9, 2014,

6

there was some concern that the 10 day redemption period ended that day, and needed to speak with someone about stopping the auction.

b. Black was transferred by telephone to Mercedes' Recovery Department, and spoke with a person who identified himself as Donavan. Again, Black provided Donavan verbal notice of the bankruptcy and all relevant bankruptcy information. Explained efforts needed to be made to stop the auction of the vehicle and have it returned. Donavan informed Black that the Bankruptcy Department was closed and they would need to call back on Monday. It was explained that action was needed to be taken today in order to prevent the sale of the vehicle.

c. Black was then transferred to Eileen in the Bankruptcy Department, which turned out to be open after all. Eileen checked PACER while on the phone with Black, and verified the case information provided to her by Black. She provided a fax number of 877-340-8261. Demand was made for Mercedes to stop the auction and to turn over the vehicle.

d. As a result of the demand made, Black was transferred to Katie in the Mercedes Exceptions Department. Again, bankruptcy information was provided and demand was made to stop the auction and obtain the turn over of the vehicle. Katie informed Black that the vehicle was at the Manheim Auto Auction in Fort Worth, Texas that the vehicle would be released to Mr. and Mrs. Josephs at the Manheim location, believe to be 12101 Trinity Blvd., Euless TX 76040, and Mr. and Mrs. Josephs should contact Manheim directly to arrange a time for them to pick up the vehicle.

7

>Upon complaint of the distance now between the vehicle and Mr. and Mrs. Josephs, it was suggested by Katie that the vehicle could be brought back to Mr. and Mrs. Josephs in Houston, but that would take a few days.

21. On December 19, 2014 Black contacted Mercedes again and spoke with Katie again. Black informed Katie that Mr. and Mrs. Josephs needed the vehicle delivered back to them in Houston, and not Fort Worth or Euless, Texas. Although Katie initially stated that she would contact a driver to have the vehicle returned, she informed Black that she would have to obtain authority with another department of Mercedes because the vehicle had been "charged off." Black was informed that someone else from Mercedes would contact the law firm concerning this issue.

22. On December 19, 2014 a Mercedes' representative, who identified himself as Juan, contacted Black by telephone. He informed Black that the vehicle would not be delivered back to Mr. and Mrs. Josephs in Houston. He stated that Mr. and Mrs. Josephs would be required to travel to and from Fort Worth, Texas to obtain possession of their vehicle. When informed that the law requires Mercedes to deliver to Mr. and Mrs. Josephs their vehicle, he stated that the vehicle would be delivered to them at Manheim Auto Auction, the one located in Euless, Texas.

23. On December 19, 2014 Black drafted a demand letter to Mercedes that the vehicle be returned to Mr. and Mrs. Josephs' immediately. The letter provided direct otice of Mr. and Mrs. Josephs' bankruptcy as it had attached the Notice of Bankruptcy Case Filing, as provided online by the Court, as well as a copy of Mr. and Mrs. Josephs' Uniform Plan and Motion for Valuation of Collateral. The letter and these attachments

8

were delivered to Mercedes by facsimile to its Bankruptcy Department's fax number previously provided, as well as by mail.

24. On December 19, 2014 the Mercedes' Bankruptcy Department faxed a response letter to Black. This letter advised Black that the vehicle was located at ADESA auction house located at 3501 N. Lancaster Hutchins Road, in Hutchins TX, which is substantially different from the Manheim auction house located in Euless, Texas from where Mr. and Mrs. Josephs had been previously instructed to pick up their vehicle. Mercedes' response letter offered to tender the vehicle at the Hutchins, Texas address to Mr. and Mrs. Josephs, or to transport the vehicle to a Houston area dealership, provided only that Mr. and Mrs. Josephs pay the costs of such delivery. Additionally, the letter states: "If you have any additional information that identifies who the transportation fees should be billed to please let us know."

25. The right to collect fees for the delivery of the vehicle back to the Houston area would be based on a claim that arose before the commencement of Mr. and Mrs. Josephs' bankruptcy in violation of 11 U.S.C. § 362(a)(6). Further, it has been long held "[e]ach party to a court order is responsible for ensuring its own compliance with that order and for shouldering the cost of compliance." *In re Jove Engineering, Inc.*, 92 F.3d 1539, 1557 (11th Cir. 1996) (Internal cites omitted).

26. On December 22, 2014, although this matter had been referred to undersigned counsel for an action on turnover, Black was contacted by attorney John Lively of Lively & Associates in Fort Worth, Texas (Lively) on behalf of Mercedes. Lively stated that he would speak to Mercedes about delivering the vehicle back to Mr. and Mrs. Josephs in Houston, and would get back with Black on December 23, 2014.

27. Black has neither heard back from Lively or Mercedes concerning the delivery of the vehicle, nor has the vehicle been delivered back to Mr. and Mrs. Josephs as demanded.

28. With the confusion between whether the vehicle is with Manheim or ADESA auto auctions truly leaves Mr. and Mrs. Josephs uncertain as to the location of their vehicle.

29. The distance between Mr. and Mrs. Josephs' home and the address provided for Manheim auto auction house amounts to a round trip of approximately 538 miles, and would require at a minimum of eight hours of non-stop driving.

30. The distance between Mr. and Mrs. Josephs' home and the address provided for ADESA auto auction house amounts to a round trip of approximately 468 miles, and would require at a minimum of seven hours of non-stop driving.

31. Manheim and ADESA are on opposite sides of the greater Dallas – Fort Worth metroplex from each other.

32. It is believed, unlike typical storage lots, that both Manheim and ADESA maintain restricted times or periods during which it will allow debtors to pick up vehicles. Further, both typically will not allow vehicles to be released at their facilities without debtors signing full releases of liability as to both the auction houses and Mercedes. Further still, depending on the stage of preparation of the auction, Manheim and ADESA may have removed and disposed of all stickers and plates necessary to operate the vehicle on the Texas public roads.

33. Although the demand for delivery of the vehicle was made during the greater holiday season of Christmas and New Year's, Mercedes had at least eight operating

business days to comply by arranging to deliver the vehicle back to Mr. and Mrs. Joseph, if that was Mercedes intent before this adversary was filed. The turnover requires Mercedes to "immediately deliver" the vehicle to Mr. and Mrs. Josephs. *Calvin at 599*.

34. The vehicle is properly insured.

35. This adversary is brought to force the turnover and delivery of the vehicle to Mr. and Mrs. Josephs and to seek redress for the injuries caused to them by Mercedes.

36. There is a governmental interest in preventing the unique harm that occurs in regard to violations of the Bankruptcy Code.

37. The Bankruptcy Code and the notice to Defendant, as stated above, place Defendant on fair notice of the damages that may be imposed due to the violation of its orders and injunctions, including the imposition of punitive damages.

38. The degree of reprehensibility of the collection practices and actions is high for the reasons that (1) the financial vulnerability of the target, Mr. and Mrs. Josephs, is evident by their bankruptcy filing and (2) the harm is more than economic in nature. Mr. and Mrs. Josephs' core bankruptcy rights have been violated.

39. Should the collection practices and actions of Defendant be allowed to continue or succeed, it will imperil the fresh start of Mr. and Mrs. Josephs.

40. The injury to Mr. and Mrs. Josephs, in terms of describing and understanding the full consequences of violating the core bankruptcy rights of Mr. and Mrs. Josephs, is hard to detect.

41. The full monetary value of noneconomic harm associated with the collection practices and actions of Defendant is difficult to determine.

42. The resources necessary to police the conduct of Defendant and to prevent the unique harm that has occurred post-petition are lacking on the part of Mr. and Mrs. Josephs.

43. The above-stated collection practices or actions of Defendant, has resulted in a substantial amount of undue frustration, anxiety and mental anguish or distress on the part of Mr. and Mrs. Josephs, which is more than fleeting and inconsequential. The harm stated is substantiated by the facts of this Complaint alone. Although not limited to the list below, the distress has manifested itself as follows:

    a. Violation of the core bankruptcy rights and Constitutional rights.

    b. Loss of sleep.

    c. Anxiety.

    d. Shock of conscience.

    e. Impaired enjoyment of life.

    f. A sense of dread.

    g. A sense of failure.

    h. A lack or diminution of self-worth.

    i. A significant amount of stress.

    j. Harassment.

    k. Distraction.

    l. Low self-esteem.

    m. Ruining the Holiday Season.

    n. Inability to concentrate adequately on work.

    o. Inability to concentrate on family duties and obligations.

    p.    A sense of embarrassment and discomfort that is greater than the general level of embarrassment and discomfort felt in filing bankruptcy or for the inability to pay a debt or bill.

WHEREFORE, PREMISES CONSIDERED, it is the prayer of Plaintiffs, Mr. and Mrs. Josephs, that the Court will:

1. Require the immediate turnover of the 2008 Mercedes-Benz E350 motor vehicle, VIN WDBUF56X08B282320, by delivering same to Mr. and Mrs. Josephs at their house in Houston, Texas.

2. Find that Defendant violated the turnover provisions and requirements of the Bankruptcy Code;

3. Find that the violation of the turnover provisions by Defendant was with notice or knowledge of this bankruptcy filing;

4. Find that Defendant violated one or more of the automatic stay provisions in the underlying bankruptcy;

5. Find that the violation of the automatic stay by Defendant was or is willful and/or intentional;

6. Enforce the order(s), rule(s) and injunction(s) of this Court or the Bankruptcy Code or Rules as necessary, including, but not limited to, a finding of contempt on the part of Defendant, the issuance of any declaratory judgment, and/or the issuance of any injunction;

7. Sanction or award against Defendant all actual damages for all financial and non-financial harm or injury incurred by Mr. and Mrs. Josephs;

8. Sanction or award against Defendant and to Mr. and Mrs. Josephs, and for the benefit of Chuck Newton, all of the attorneys' fees, costs and expenses incurred with Chuck Newton, and the law firm of Charles Newton & Associates, in representing Mr. and Mrs. Josephs in these matters;

9. Sanction or award against Defendant and to Mr. and Mrs. Josephs, and for the benefit of Black, all of the attorneys' fees, costs and expenses incurred by the law firm in representing Mr. and Mrs. Josephs in the matters particular to this adversary proceeding;

10. Sanction or award against Defendant and to Mr. and Mrs. Josephs emotional distress damages;

11. Sanction or award against Defendant and to Mr. and Mrs. Josephs punitive damages;

12. Award prejudgment interest;

13. Award post judgment interest; and

14. Grant any and all other relief in equity or in law to which Mr. and Mrs. Josephs may be entitled.

Respectfully submitted,

_____
**CHARLES (CHUCK) NEWTON**
Texas Bar No. 14976250
SDTX Bar No. 27900
**CHARLES NEWTON & ASSOCIATES**
190 N. Millport Circle
The Woodlands TX 77382
Phone (281) 681-1170
Fax (281) 231-2987
Email chuck@chucknewton.net

14

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Complaint was served on the following parties, not otherwise served by summons, via electronic means, if possible, otherwise by the means stated below:

Robert Arthur Josephs  MAIL (No)
Dianne Kiddell Josephs  FAX (No)
*Debtors / Plaintiffs*  EMAIL (YES)
1724 Crownover Road
Houston TX 77080

J. Thomas Black  MAIL (No)
J. Thomas Black, P.C.  FAX (No)
*Bankruptcy Atty. for Mr. and Mrs. Josephs*  EMAIL tom@jthomasblack.com
2600 S. Gessner
Suite 110
Houston TX 77063

William E. Heitkamp  MAIL (No)
*Chapter 13 Trustee*  FAX (No)
9821 Katy Freeway  EMAIL heitkamp@ch13hou.com
Suite 590
Houston TX 77024

United States Trustee  MAIL (No)
515 Rusk Street  FAX (No)
Suite 3516  EMAIL ustpregion07.hu.ecf@usdoj.gov
Houston TX 77002

John Lively  MAIL (No)
Lively & Associates  FAX (No)
*Atty. for Mercedes-Benz Financial*  EMAIL john.lively@livelyllp.com
201 Main Street
Suite 1260
Fort Worth TX 761102-3193

DATED: January 3, 2015

_____
**CHARLES (CHUCK) NEWTON**